Dear Senator Johnson:
You requested the opinion of this office concerning whether the Louisiana Housing Finance Agency (the "Agency") may donate real property to a private non-profit corporation, which property has been donated to the Agency by the U.S. Department of Housing and Urban Development.
As you are obviously aware, Article VII, Section 14 (A) of the Louisiana Constitution generally prohibits the loan, grant and/or donation of public funds and/or property to public and private entities and individuals. This constitutional provision has been interpreted by the Louisiana Supreme Court in City ofPort Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. While Paragraph (C) of Section 14 authorizes the State to engage in cooperative endeavors for a public purpose, our Courts have determined that Paragraph (C) does not create an exemption or exception from the general constitutional prohibition, but rather merely supplements the prohibition against donations contained in Paragraph (A).
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. In James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), the court interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14 (A). Therein, the court stated:
 "These specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public funds by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important government functions." 113 So.2d at p. 93.
Paragraph (B) of Section 14 permits the expenditure of public funds for programs of social welfare for the aid and support of the needy. We have previously held that the exception in Paragraph (B) is operative as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are, in fact, needy. Attorney General Opinion Nos. 96-109, 94-157, 92-543 and 80-453. See also Attorney General Opinion No. 77-310 which concludes that a city may make contributions of public funds to private nonprofit corporations engaged in providing services to youth organizations and to the elderly, some of whom are classified as needy through programs of social welfare.
Thus, the LHFA may constitutionally transfer real property to a non-profit corporation, but only if such transfer is pursuant to a program of social welfare for the aid and support of the needy.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/
cc: V. Jean Butler